IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON A. BENSON,         : | |
|     Plaintiff,        : | |
|                    : | |
| v.            : | CIVIL ACTION NO. 23-CV-3300 |
|                    : | |
| DELAWARE COUNTY SHERIFF   : | |
| DEPARTMENT,        : | |
|     Defendant.       : | |

**MEMORANDUM**

SÁNCHEZ, C.J.                                           OCTOBER 5, 2023

*Pro Se* Plaintiff Damon A. Benson brings this Complaint pursuant to 42 U.S.C. § 1983 against the Delaware County Sheriff Department based on allegations that he sustained injuries during a "rough ride" in a department transport vehicle. For the following reasons, the Court will grant Benson leave to proceed *in forma pauperis* and dismiss his claims against the Sheriff Department without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Benson will be given an opportunity to file an amended complaint.

**I.      FACTUAL ALLEGATIONS**

Benson names only the Delaware County Sheriff Department in his Complaint. (Compl. at 2.)[1] He alleges that on November 18, 2022, he was "kidnapped" by Delaware County sheriffs, who then "took him for a 'rough ride'" while transporting him from SCI Smithfield to the George W. Hill Correctional Facility ("GWHCF"). (*Id*. at 4-6.) The sheriffs allegedly placed Benson in shackles, ordered him to "lay back" in the transport vehicle, and refused to secure him in a seatbelt. (*Id*. at 4.) Benson further alleges that during the four-hour ride, he was forced to

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

lay on his side and back and withstand "constant pounding" to his body. (*Id*. at 5.)  As a result, he allegedly sustained injuries to his low back and head, causing him to have "extreme pain and bleeding." (*Id*.)  Benson states that he should not have been transported in the first place but because two sheriffs mistook him for an individual named "Martin Fuller," Benson was "unlawfully detained" and "taken on a rough ride" to GWHCF.  (*Id*. at 4-5.)  Benson asserts that the sheriffs' negligence in transporting him without a seatbelt caused his injuries.  (*Id*. at 5.)  Based on these allegations, Benson asserts claims under the Eighth and Fourteenth Amendments and seeks money damages.  (*Id*. at 3, 5.)

## II.     STANDARD OF REVIEW

The Court grants Benson leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

---

[2] Because Benson is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Benson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Benson names only the Delaware County Sheriff Department as a Defendant.  Claims against a county Sheriff's Department are treated as claims against the county itself.  *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997).  This is because "Pennsylvania county offices . . . are treated as municipalities for purposes of *Monell*."  *Hatfield v. Berube*, 714 F. App'x. 99, 102 n.1 (3d Cir. 2017) (citing *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013)).  To state a plausible claim against a county under § 1983, a plaintiff must allege that the county's policy or custom caused the violation of his constitutional rights.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  "To

satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a plausible claim. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

4

As the United States Court of Appeals has stated,

> If the alleged policy or custom at issue is a failure to train or supervise (as it is here), the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020).

Benson does not allege that a policy or custom of Delaware County caused a violation of his constitutional rights. Accordingly, the Court will dismiss all claims against the Delaware County Sheriff Department because the claims are not plausible.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Benson leave to proceed *in forma pauperis* and dismiss all claims against the Delaware County Sheriff Department pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Benson leave to file an amended complaint in the event he can cure the defect the Court has identified in his claims against the Delaware County Sheriff Department or name another Defendant who was personally involved in the incident he describes. An appropriate Order follows, which provides further instruction as to amendment.

                                                **BY THE COURT:**

                                                **/s/ Juan R. Sánchez**
                                                **JUAN R. SÁNCHEZ, C.J.**