### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMON A. BENSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-3300** |
| | : | |
| **DELAWARE COUNTY SHERIFF** | : | |
| **JOHN DOE (1),** *et al.***,** | : | |
| **Defendants.** | : | |

### MEMORANDUM

**SÁNCHEZ, C.J.**                                                                 **NOVEMBER 17, 2023**

*Pro Se* Plaintiff Damon A. Benson brings this Complaint pursuant to 42 U.S.C. § 1983

against two John Doe Sheriffs of the Delaware County Sheriff Department based on allegations

that he sustained injuries while being transported from one prison to another in a department

transport vehicle.  Benson's original Complaint, which asserted claims against the Delaware

County Sheriff Department only, was dismissed without prejudice.  *See Benson v. Delaware*

*Cnty. Sheriff Dep't*, No. 23-3300, 2023 WL 6520502, at *1 (E.D. Pa. Oct. 5, 2023).  Benson

returned with this Amended Complaint.  For the following reasons, the Court will dismiss the

Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Benson will

be given an opportunity to file a second amended complaint.

### I.    FACTUAL ALLEGATIONS

Benson names two Defendants in his Amended Complaint:  Delaware County Sheriff

John Doe (1) and Delaware County Sheriff John Doe (2).  (Am. Compl. at 2.)[1]  Benson names

both Defendants in their official capacity only.  (*Id.*)  He does not rename the Delaware County

_____

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Sheriff Department as a Defendant.[2]  Benson alleges that on November 18, 2022, Defendants arrived at SCI Smithfield and placed Benson in custody for transport to the George W. Hill Correctional Facility ("GWHCF").  (Am. Compl. at 5.)  Benson was handcuffed and shackled when placed in the transport vehicle.  (*Id.*)  Defendants refused to place him into a seatbelt.  (*Id.*)  Sheriff John Doe (1) allegedly placed Benson into the transport vehicle while Sheriff John Doe (2) allegedly drove the vehicle.  (*Id.*)  Benson sustained injuries during the four-hour ride, including to his head and lower back.  (*Id.*)  He further alleges he was urinating blood after he arrived at the GWHCF.  (*Id.*)  Benson states that both Defendants "denied him post-accident care and [] medical care," but told him to go to the medical unit "to get Motrin or something before they left the premises."  (*Id.*)  Based on these allegations, Benson asserts deliberate indifference claims under the Eighth Amendment and seeks money damages.  (*Id.*)

## II.    STANDARD OF REVIEW

Since Benson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[2] In its October 5, 2023 Memorandum, the Court dismissed all claims asserted against the Delaware County Sheriff Department.  *See Benson*, 2023 WL 6520502, at *3.  The Court stated that claims against a county Sheriff's Department are treated as claims against the county itself, which required Benson to allege facts showing that the county's policy or custom caused the violation of his constitutional rights.  *See id*. at *2 (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).  Benson had failed to allege facts to state a plausible municipal liability claim, requiring dismissal of his Complaint.  *See id*. at *3.  Benson was permitted to file an Amended Complaint to address the defects the Court had noted.  *Id.*

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Benson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Benson asserts Eighth Amendment claims after allegedly sustaining injuries when Defendants failed to secure him in a seatbelt while transporting him to the GWHCF.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C.  § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.    Official Capacity Claims

In drafting his Amended Complaint, Benson checked the boxes on the form he used to indicate that he seeks to name Defendants in their official capacities only.  Claims against

government employees such as Sheriff John Doe (1) and Sheriff John Doe (2) named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant, here Delaware County. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n.55). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Despite checking the "official capacity" box, Benson does not attempt to allege an official capacity claim since he does not allege that a municipal policy or custom of Delaware County caused the constitutional violations alleged in the Amended Complaint. *See Monell*, 436 U.S. at 694; *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)). Accordingly, it appears Benson may have checked these boxes in error. In any event, he has not stated a basis for any official capacity claims, so any such claims will be dismissed.

Since Benson appears to not have understood the implication of naming Defendants Sheriff John Doe (1) and Sheriff John Doe (2) in their official capacities only, and because the Complaint seeks money damages for the Defendants' actions, the Court will liberally construe the Complaint to also assert claims against Defendants in their individual capacities.[3] *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619,

---

[3] However, as explained further below, *see infra* § III, the claims asserted against Sheriff John Doe (1) and Sheriff John Doe (2) in their individual capacities will also be dismissed.

2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

### B.   Claims Based on Deliberate Indifference to Safety

Benson alleges that Sheriff John Doe (1) and Sheriff John Doe (2) violated his Eighth Amendment rights by failing to secure him in a seatbelt in the transport vehicle before driving four hours from SCI Smithfield to GWHCF.  Claims involving injuries sustained during prison transport are evaluated under the Eighth Amendment deliberate indifference standard.  A prison official is not deliberately indifferent to an inmate's safety "unless the official knows of and disregards an excessive risk to inmate health or safety."  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*

Benson alleges that Defendants "refused to place him in a seatbelt" for the four-hour transport drive.  (Am. Compl. at 5.)  He alleges no other facts about the ride itself, including how the Defendants were driving, whether they were driving in an unsafe manner, whether Benson asked them to drive differently or otherwise asked for assistance, and the circumstances surrounding how he was allegedly injured.  The facts, as pled, fail to raise a plausible inference that the Defendants acted with deliberate indifference to an excessive risk to Benson's safety. *See Otero v. Catalogne*, No. 08-282, 2010 WL 3883444, at *7, 11 (W.D. Pa. Sept. 28, 2010) (dismissing Eighth Amendment claim based on allegations that the transport van was not equipped with safety belts, had "improperly welded" steel cages inside of it, and plaintiff was not provided "responsible drivers"); *cf. Stewart v. Wenerowicz*, No. 12-4046, 2015 WL 5092865, at

*2, 9 (E.D. Pa. Aug. 27, 2015) (permitting Eighth Amendment claim to proceed based on allegations that drivers of transport bus drove in "an erratic manner and at excessive speeds," that "inmates pleaded with [the drivers] to slow down and stop driving erratically," and that the drivers responded to the inmates pleading "with snide remarks, expletives, and laughter"); *see also Otero*, 2010 WL 3883444, at *11 (noting that "[t]he common thread running through the . . . cases upholding inmates' Eighth Amendment claims against transport drivers is that, in each case, the court found that the driver had consciously disregarded the inmate's pleas to stop driving recklessly and thereby manifested indifference for the inmate's safety").

Accordingly, Benson's Eighth Amendment claim for deliberate indifference to his safety will be dismissed because it is undeveloped.  Benson will be provided an opportunity to amend this claim to the extent he can asset additional facts to allege a plausible deliberate indifference claim against the Defendants.

### C.    Claims based on Denial of Medical Care

Benson also alleges, without any factual specificity, that Defendants "denied him post-accident care and adequate medical care."  (Compl. at 5.)   To state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer*, 511 U.S. at 835.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  As noted above, a prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  Deliberate indifference has been found "where the prison

official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Benson alleges only that Sheriff John Doe (1) and Sheriff John Doe (2) denied him post-accident medical care, telling him to go to the medical unit to get medication.  While their direction to him to go to the medical unit may infer that they knew of his need for medical treatment, these allegations lack any specificity, are conclusory and undeveloped, and thus fail to allege a plausible claim that Defendants refused, delayed, or prevented Benson from receiving treatment.  *See Tolentino v. Smucker*, 855 F. App'x 822, 824 (3d Cir. 2021) (*per curiam*) (affirming dismissal of deliberate indifference claim against hospital administrator because plaintiff alleged no factual allegations against him) (citing *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (explaining that "a complaint must do more than allege the plaintiff's entitlement to relief," rather, "[a] complaint has to 'show' such an entitlement with its facts.").  Because Benson may be able to assert plausible claims for denial of medical care, he will be permitted to file a second amended complaint to attempt to cure the defects the Court has noted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss all claims against Sheriff John Doe (1) and Sheriff John Doe (2) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Benson leave to file a second amended complaint in the event he can cure

the defect the Court has identified in his claims.  An appropriate Order follows, which provides

further instruction as to amendment.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**