E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern  District of Pennsylvania

|  |  |
|---|---|
| Damon A. Benson | Case No. ___23-CV-3300___ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | |
| Delaware County Sheriff John Doe one and Sheriff John Doe Two | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.  Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $52) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months.  See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid.  See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name  *Damon A. Benson a.k.a.*

All other names by which you have been known:  *Martin Fuller*

ID Number  *JS-9622*

Current Institution  *SCI-FRACKVILLE*

Address  *SCI-FRACKVILLE IIII Altamont Blvd.*
*FRACKVILLE      PA        17931*
   City          State      Zip Code

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name  *Sheriff John Doe One*

Job or Title *(if known)*  *Delaware County Sheriff*

Shield Number  *Unknown*

Employer  *Delaware County Sheriff Dept.*

Address

_____  _____  _____
   City          State      Zip Code

☑ Individual capacity   ☐ Official capacity

Defendant No. 2

Name  *Sheriff John Doe Two*

Job or Title *(if known)*  *Delaware County Sheriff*

Shield Number  *Unknown*

Employer  *Delaware County Sheriff Dept.*

Address

_____  _____  _____
   City          State      Zip Code

☑ Individual capacity   ☐ Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

Defendant No. 3
- Name _____
- Job or Title *(if known)* _____
- Shield Number _____
- Employer _____
- Address _____
  _____

| City | State | Zip Code |

☐ Individual capacity  ☐ Official capacity

Defendant No. 4
- Name _____
- Job or Title *(if known)* _____
- Shield Number _____
- Employer _____
- Address _____
  _____

| City | State | Zip Code |

☐ Individual capacity  ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*8th & 14th Amendment of U.S. Const.*

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

---

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

---

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [✓] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [✓] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*Inside of TRAnsport vehicle while being Transported*

B.      If the events giving rise to your claim arose in an institution, describe where and when they arose.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

C.  What date and approximate time did the events giving rise to your claim(s) occur?

11-18-2022

D.  What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

(1) Denied seatbelt for safty percaution inside moving vehicle. (2) Denied proper medical treament (3) Asked Sheriff driving to slow down while driving erradically down the high. (4) They laughed and contined to drive at a high speed (5) Head and body pummeled by window and loose seatbelt. (6) Suffered lower back and bruise kidney because of it. (7) Urinated blood at G.W.H.C.F, 4hrs. later

V.  **Injuries**   Both Defendants

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(1) Head and lower back trauma
(2) Bleeding from Penis
(3) Mental Pain & Anguish
(4) Fear of Police.
(5) Emotional Stress

VI.  **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Due to both of the Defendants negligence, and Open violation of both my 8th & 14th Amendment Constitutional Rights — Physical and mental injuries, the Plaintiff, seeks monitary relief in the amount of Five Million Dollars — $5M.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

I was being transported from SCI-Smithfield To George W. Hill, Correctional Facility

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

I did not, because this was clearly a civil matter which had nothing to do with either correctional facility.

2.    What did you claim in your grievance?

3.    What was the result, if any?

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

F.    If you did not file a grievance:

 1.  If there are any reasons why you did not file a grievance, state them here:

 *Once again, it had absolutely nothing to do with G.W.H.C.F.*

 2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

 *The entire intake Staff at G.W.H.C.F, and medical Staff.*

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

 *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

**VIII.   Previous Lawsuits**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    Damon A. Benson

Defendant(s)   Delaware County Sheriff Department

2.    Court *(if federal court, name the district; if state court, name the county and State)*

Eastern District Court

3.    Docket or index number

23-CV-3300

4.    Name of Judge assigned to your case

Juan R. Sanchez

5.    Approximate date of filing lawsuit

Sept.

6.    Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Honourable Judge Juan R. Sanchez, allowed me to re-amend this particular case

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

[✓] Yes

[ ] No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   Damon A. Benson

Defendant(s)   George W. Hill Correctional Facility

2.   Court *(if federal court, name the district; if state court, name the county and State)*

Eastern District Court

3.   Docket or index number

23-CV-3297

4.   Name of Judge assigned to your case

Honourable Judge Juan R. Sanchez

5.   Approximate date of filing lawsuit

Sept.

6.   Is the case still pending?

[✓] Yes

[ ] No

If no, give the approximate date of disposition

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

That particular case had been dismissed, however, I had been allowed to amend said case; which I did.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff    *Damon A. Benson*
Printed Name of Plaintiff    Damon A. Benson
Prison Identification #    JS-9622
Prison Address    SCT-Frackville 1111 Altamont Blvd
Frackville    PA    17931
           *City*      *State*    *Zip Code*

### B.    For Attorneys

Date of signing: _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
        *City*      *State*    *Zip Code*
Telephone Number    _____
E-mail Address    _____

# PLAINTIFF'S BRIEF

THIS IS A BRIEF SUMMERY BASED ON THE FACTS DEALING WITH THE SITUATION PARTAINING TO THE LITIGATION CASE: DAMON BENSON V. DELAWARE COUNTY  SHERIFF JOHN DOE ONE & SHERIFF JOHN DOE TWO-CASE NO. 23-CV-3300. NAMES AND BADGE NUMBERS WILL BE PRODUCED THROUGH WAY OF SUBPOENAS AND DISCOVERY ON A LATER DATE AS THE COURTS DEEM FIT. THIS, HOWEVER, IS THE SECOND AMENDED CLAIM BRIEF WHICH WILL GIVE A DETAIL DISCRIPTION ON THE INCIDENT WHICH OCCURRED ON A TRANSPORT DETAIL; WHILE THE PLAINTIFF WAS BEING TRANSPORTED FROM ONE CORRECTIONAL FACILITY TO ANOTHER, WITHOUT BEING PROPERLY SEATBELTED IN THE TRANSPORT VEHICLE. THIS, A SHOWING OF UNPROFESSIONALISM, LEAD TO THE PLAINTIFF SUSTAINING INJURIES TO HIS HEAD, LOWER BACK AND KIDNEY AREA BECUASE OF THEIR NEGLIGENCE.

**FACTUAL POINTS:**

**DATE: 11-18-22**

i. SCI-SMITHFIELD MEDICAL RECORDS WILL SHOW THAT THE PLAINTIFF, DAMON A. BENSON a.k.a. MARTIN FULLER JS-9622 WAS IN GOOD PHYSICAL CONDITION WHEN HE LEFT THEIR CUSTODY AND PRISON FACILITY.

ii. GEORGE W. HILL, CORRECTIONAL FACILITY'S MEDICAL DEPARTMENT AND INTAKE DEPARTMENT WILL SHOW THAT THE PLAINTIFF, DAMON A. BENSON WAS NOT IN THE SAME

1

PHYSICAL CONDITION WHEN HE ARRIVED 4HRS. LATER.

EVENTS:

1. 11-18-2022 PLAINTIFF, DAMON A. BENSON a.k.a. MARTIN FULLER JS 9622, WAS DETAINED BY DELAWARE COUNTY SHERIFF DEPARTMENT EMPLOYEE'S AND THE TWO DEFENDANTS: SHERIFF JOHN DOE ONE AND SHERIFF JOHN DOE TWO;  OFFICERS WHO WERE ON TRANSPORT DETAIL THAT PARTICULAR DAY.

2. WHILE THE PLAINTIFF WAS BEING SHACKLED HE ASKED BOTH THE DEFENDANTS: "WHY AM I BEING DETAINED?" SHERIFF JOHN DOE'S RESPONSE: " YOU ARE, MARTIN FULLER #JS9622, RIGHT?" BENSON REPLIED: "NO! I'M DAMON BENSON #JS-9622. MARTIN FULLER IS AN ALIAS I USED MANY YEARS AGO. WHY?"

3. THEY BOTH REPLIED: "YOU'RE WANTED DOWN IN DELAWARE COUNTY , FOR COUNTERFIET , MONEYS...YEAH AND RELATED CHARGES!" PLAINTIFF REPLIED: "BUT I NEVER EVEN BEEN TO DELAWARE COUNTY..." THEY LAUGHTED AND SHERIFF JOHN DOE TWO SAYS: " YEAH THATS WHAT THEY ALL SAY!"

4. THE PLAINTIFF WAS THEN TAKEN OUTSIDE OF SCI-SMITHFIELD'S HOLDING YARD AND USHERED INSIDE OF THE AWAITING TRANSPORT VEHICAL. "GET IN THERE AND LAY BACK AND ENJOY THE RIDE..." SAID SHERIFF JOHN DOE ONE WHO WAS AN AFRICAAN AMERICAN MALE OFFICER. HE THEN SMILED AND SLAMMED THE REAR DOOR SHUT!

5. "YEAH;' CHIMED SHREIFF JOHN DOE TWO WHO WAS THE DRIVER," ENJOY THE RIDE!" HE SAID WITH A SNICKER.

6. THE PLAINTIFF ASKED: "WELL AREN'T YOU GONNA AT LEAAST PUT ON MY SEAATBELT..." THEY BOTH REPLIED: "NAA...YOU'LL BE ALRIGHT..." "YEAH, YOU'LL BE JUST FINE!" AND THE DRIVER PULLED OFF...

7. SHERIFF JOHN DOE TWO WAS DRIVING ERRADICALLY, LIKE A WILD MAN,  TO THE POINT HE WAS HITTING NUMEROUS POTHOLE AS THE PLAINTIFF BOUNCING AROUND IN THEE BACK OF THE SPEEDING VEHICLE: HEAD BANGING UP AGAINST THE WINDOW, WITH THE LOOSE SEATBELT BUCKLE POUNDING UP AGAAINST HIS KIDNEY AREA REPEATEDLY. THE PLAINTIFF CRIED: "DAMN MAN; YOU NEED TO SLOW DOWN UP THERE!" BOTH OF THEIR RESPONSE WAS: "YOU COMPLAIN TO MUCH!" AND LAUGHTED OUT LOUDLY BEFORE ONE OF THEM TURNED UP THE RADIO TO DROWN OUT THE SCARED MAN'S CRY OF DISTRESS.

8. 4 HOURS LATER AFTER THE PLAINTIFF COMPLAINED THE ENTIRE RIDE OF HIS SUDDEN HEAD ACHES AND LOWER BACK PAINS; HE TOLD BOTH OFFICERS THAT HE WAS WASN'T FEELING

2

WELL AFTER THEE RIDE FROM HELL. HOWEVER, ALL EITHER ONE OF THEM COULD AAY WAS: "TALK TO MEDICAL BUDDY...MAYBE THEY'LL GIVE YOU A MOTRIN OR SOMETHIN!" AND LAUGHED AS THEY LEFT THE INSTITUTION.

9. AFTER THE INTAKE PROCESS THE PLAINTIFF WAAS ALLOWED TO USE THE RESTROOM WHERE HE BEGAN TO URINATE BLOOD!

10. THE ENTIRE INTAKE STAFF WENT BALIISTIC AFTER WITNESSING THE PLAINTIFF CRYING IN AGONY STANDING BEFORE THM WITH BLOOD COVERING HIS BOXER SHORT!

11. G.W.H.C.F., MEDICAL DEPARTMENT HAS RECORDS OF THE INCIDENT, WHERE THERE WAS TEST OF URNALISIS, EX-RAY AND ULTRA SOUND SHOWING THAT THE PLAINTIFFS, DAMON A. BENSON SUSTAINDED INJURIES BY WAAY OF SHERIFFS TRANSPORT.

12. THIS WAS A CLEAR CASE OF DELIBERENCE INDIFFERENCCE...SEE: FARMER V. BRENNAN

3

*SEE: GREGG V. GEORGIA, 428 U.S.153, 173 (1976) also,*

*SEE: FARMER V. BRENNAN, 511 U.S. 825, 837 (1994) also,*

*SEE: HUDDSON V. McMILLIAN, 503 U.S. 1, 9 (1992)*

THERE IS NO EXPECTATION THAT A PRISONER WILL BE PROVIDED UNQUALIFIED ACCESS TO MEDICAL TREATMENT. IN THE CASE NO. 23-CV-3300, DAMON A. BENSON V. DELAWARE COUNTY SHERIFF JOHN DOE ONE & SHERIFF JOHN DOE TWO: THERE WAS "SUBJECTIVE RECKLESSNESS" IN THE FACE OF A SERIOUS MEDICAL CONDITION; WHERE THE INMATE SUSTAINED INJURIES TO HIS HEAD, LOWER BACK AND KIDNEY AREA.  YET, NEITHER SHERIFF JOHN DOE ONE, NOR SHERIFF JOHN DOE TWO, DID ANYTHING TO RECTIFY,OR FIX THE SITUATION; EITHER IN THE BEGINNING OF THE TRANSPORT TIP, OR WHILE THEY WERE IN ROUTE, OR AT THIR FINAL DESTINATION, WHICH WAS AT GEORGE W. HILL, CORRECTIONAL FACILITY. ALL EITHER OF THE DEFENDANTS DID WAS MAKE WISE CRACKS, SLY REMARKS AND LAUGHTER.

*(TELLING AN INJURED PERSON"  GO SEE MEDICAL...MAYBE THE'LL GIVE YOU A MOTRIN." IS NOT THE SAME AS RUSHING SOMEONE TO OBTAIN MEDIAL TREATMENT, OR INFORMING INTAKE OF THE PERSON'S NEED FOR MEDICAL TREAMENT!* HOWEVER, THE PLAINTIFF, DAMON A. BENSON a.k.a. MARTIN FULLER JS-9622 WAS SUFFERING AS HE COMPLAINED 'THE ENTIRE TIME' ABOUT NOT BEING SAFELY SECURED IN  THE PASSENGER AREA AND BECASUE OF IT, AT THE TIME; ALTHOUGH UNKNOWN TO HIM,  HE WAS RECEIVING DAMAGING BLOWS TO HIS KIDNEY AREA, AND OTHER LIFE THREATNING INJURIES.

TRUE "SUBJECTIVE RECKLESNESS" REQUIRES KNOWLEDGE BOTH THE GENERAL RISK, AND ALSO THAT THE CONDUCT IS INAPPROPRIATE IN LIGHT OF THE RISK. SEE; RICH V. BRUCE, 129 F. 3D 336, 340 N. 2. (4TH CIR. 1997). BOTH THE DEFNDANTS IN THIS CASE KNEW OF THE RISK OF HAVING A "DEFENSELES INMATE" IN THEIR CUSTODY: **(PLACED IN LEG IRONS, SHACKLED AND CHAINED),** INSIDE OF A MOVING VEHICLE, WITHOUT A SEATBELT COULD BRING ABOUT POSIBLE BODILY INJURIES. THEY WERE PROFESIONAL IN THE FIELD OF TRANSPORTING INMATE: {OTHERWISE THEY WOULD NOT HAVE BEEN PLACE IN THIS POSITION.} *'ALTHOUGH NOT FATAL, I COULD ONLY IMAGINE WHAT, FREDDY GRAY, WENT THROUGH!*

ACTUAL KNOWLEDGE OR AWARENESS ON THE PART OF THE ALLEGED INFLICTER BECOMES

PROOF OF "DELIBERATE INDIFFERENCE"  *SEE: BRICE V. VAGINIA BEACH CORRECTIONAL CENTER.* AGAIN, BOTH DEFENDANT WERE LICENSED DRIVERS, PROFESSIONALS IN THE FIELD OF TRANSPORTING PRISONER'S, AND ALSO PROFESSIONAL IN THE FIELD OF LAW ENFORCEMENT. YET, IN THIS CASE, THEY DID MORE HARM THAN GOOD IN THEIR TRANPOORT DETAIL:

TO WHERE (1)THEY  FIRST REFUSED TO SEATBELT THEIR PASSENGER IN THE TRANSPORT VEHICLE WHEN HE ASKED THEM ABOUT IT. (2) WHEN HE COMPLAINED, THEY DISREGARDED HIS REQUEST FOR SAFETY. (3) THEY MADE INAPPROPRIATE COMMENT IN LIGHT OF IT. HIM BOUNCING AROUND IN THE BACK OF THE TRANSPORT VAN, AS HIS HEAD SLAMMED UP AGAINST THE SIDE WINDOW AND BEING PUMMELED IN THE LOWER BACK. (4) THERE WAS RECKLESS DRIVING, GOING BEYOND THE SPEED LIMITS, HITTING NUMEROUS POT HOLE AND SUCH. AND (5) THE PLAINTIFF, SUSTAINED INJURIES BECAUSE OF IT.

FINALLY, IT IS MANICIPLE POLICY AND PROTOCOL IN BOTH, THE DELAWARE COUNTY SHERIFFS DEPARTMENT, AND ITS SISTER COUNTY: PHILADELPHIA COUNTY SHERIFF DEPARTMENT, ALONG WITH COUNTLESS OTHER LAW ENFORCEMENT AGENCIES: TO SEATBELT AND TO SAFELY SECURE AN INMATE-------FOR NOT ONLY HIS OR HER SAFETY, BUT FOR THEIR OWN SAFETY, AND THE SAFETY FOR THE PUBLIC!  (*POLICY: CARE, CUSTODY AND CONTROL.*)HOWEVER, NEITHER OF THE TWO DEFENDANTS FOLLOWED POLICY AND PROTOCOL WHICH LEAD UP TO THE POINT OF NEGLIGNCE, WHICH OPENLY VIOLATED THE PLAINTIFFS CIVIL LIBERTIES.

SCI-Frackville/CB-27
Damon A. Benson/JS-9622
1111 Altamont Blvd.
Frackville, PA 17931

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL




neopost
12/11/2023
US POSTAGE $002.07º
FIRST-CLASS MAIL
ZIP 19426
041M12252211

Office of the Clerk
United States District Court
504 Hamilton Street
Allentown, PA 18101





RECEIVED
DEC 13 2023