IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMON A. BENSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-3300** |
| | : | |
| **SHERIFF JOHN DOE,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 21st day of December, 2023, upon consideration of Plaintiff Damon A. Benson's Second Amdned Complaint (ECF No. 15), which named two John Doe Defendants from the Delaware County Sheriff Department, it is **ORDERED** that:

1. The Clerk of the Court is **DIRECTED** to amend the Caption to reflect the caption of the Amended Complaint.  The Clerk of Court is **DIRECTED** to **TERMINATE** the following Defendants:  Delaware County Sheriff Department; Delaware County Sheriff John Doe (2); Delaware County Sheriff John Doe (1); and Delaware County.

2. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).  However, service cannot be made on the unidentified Defendants Sheriff John Doe One and Sheriff John Doe Two unless or until Benson provides sufficient identifying information to allow for service. It is Benson's responsibility to notify the Court of the Defendants' identities if/when that information is obtained.

3. Accordingly, once Benson has obtained sufficient identifying information for Sheriff John Doe One and Sheriff John Doe Two, he must file a Motion to Substitute, in which he provides that information to the Court to allow for substitution of the John Doe Defendants.

4.      In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Benson together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each named Defendant:  (1) Sheriff John Doe One; and (2) Sheriff John Doe Two.[1]  The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

5.      To proceed with service, <u>Benson must complete a USM-285 Form for each Defendant once he has ascertained sufficient identifying information and return the completed forms to the Clerk's Office together with the Motion to Substitute referenced in Paragraph 3 of this Order</u>.  Service cannot be made by the U.S. Marshal Service until Benson completes and returns these forms and proper Defendants have been substituted for the John Doe Defendants.

6.      In completing the USM-285 Forms, Benson is instructed as follows:

   a. Benson should complete a separate USM-285 Form for each Defendant -- Sheriff John Doe One and Sheriff John Doe Two.  Only one Defendant's name should appear on each USM-285 Form.

   b. Benson shall not complete a USM-285 Form for any individual or entity that is not Sheriff John Doe One or Sheriff John Doe Two, including but not limited to any Defendant who already has been dismissed from this case.

   c. Benson should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

   d. Benson must provide each Defendant's complete address at a location where that Defendant can be served.  The U.S. Marshals Service cannot serve a

---

[1] This form is available online at https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

        Defendant at a P.O. Box address.  It is Benson's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants.  *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

    e. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Benson's claims against any such Defendant.

7. Benson is cautioned that if Defendants are not served within ninety (90) days under Federal Rule of Civil Procedure 4(m), this case will be dismissed for failure to prosecute. Accordingly, his failure to file a Motion to Substitute and failure to return the completed USM-285 Forms in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

8. The Clerk of Court is **DIRECTED** to docket any Motion to Substitute and any USM-285 Forms that Benson returns in this case.

9. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of a Motion to Substitute and properly completed USM-285 Forms.

                                                **BY THE COURT:**

                                          **/s/ Juan R. Sánchez**
                                          **JUAN R. SÁNCHEZ, C.J.**