IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON A. BENSON : | DOCKET NO. # 23-CV-3300 |
|    PLANTIFF : | |
|    vs. : | |
| SHERIFFS JOE DOE et..al : | |
|    DEFENDANTS : | |

## MOTION SEEKING DISCOVERY IN ORDER TO PROSECUTE THIS SUIT

-----

- I made adequate attempts to identify Defendants, John Doe (Sheriff's Office), D.O.C., and George W. Hill, Correctional Facility.

- I've made attempts to gather documents related to the courts request partaining to 'Names and Bagde Numbers' of transporting officers, on the date of 11/18/2022 of Plaintiff, Damon A. Benson.

- At this time, however, I have received very minimal documents; Body Receipt, Prison Photo i.e. etc., due to the interference of the Department Of Corrections.

- At this time I have received no information in furtherance of my request. See Exhibit 1.

**Wherefore,** I request a court order to compel SCI-Smithfield, George W. Hill, Correctional Facility Intake Center and or Records Department and Delaware County Sheriff Jerry L. Sanders Jr. to turn over requested information to me so I can prosecut this law suit

DATED 3/13/2024

RESPECTFULY SUBMITTED

DAMON A. BENSON

1

**Pennsylvania Department of Corrections**
**Right-to-Know Office**
**Office of Chief Counsel**
**1920 Technology Parkway**
**Mechanicsburg, PA  17050**
**Telephone 717-728-7763**
**Fax 717-728-0312**

March 1, 2024

Smart Communications/PADOC
Damon Benson, JS9622
SCI-Frackville
PO Box 33028
St Petersburg, FL 33733

Re:   RTKL #0198-24

Dear Mr. Benson:

This letter acknowledges receipt by the Department of Corrections (the Department) of your written request for records under the Pennsylvania Right-to-Know Law (RTKL).  Your request was received by this office on February 21, 2024. On February 22, 2024, an interim response was sent to you extending the final response date to March 29, 2024. A copy of your request letter is enclosed.

In response to the RTKL request letter you submitted seeking information of the names and badge numbers of the Sheriffs who transported you on November 18, 2022, this office has obtained information related to your request. The granted information is enclosed at no charge. Please note that the granted record must be redacted to protect nonpublic and sensitive data. Insofar as redaction constitutes a denial to records, the basis for the denial and instructions for filing exceptions are outlined below in accordance with the law. Custody Level and Program Code have been redacted for the following reasons:

- The requested records fall within the personal security exemption of the RTKL.  65 P.S. § 67.708(b)(1)(ii).  That section exempts from access any record the disclosure of which would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual.  *Id.  See also Bargeron v. Department of Labor and Industry*, 720 A.2d 500 (Pa. Cmwlth. 1998); *Weaver v. Department of Corrections*, 702 A.2d 370 (Pa.Cmwlth. 1997).

- The requested records fall within an exemption of the RTKL.  Specifically, the RTKL excludes records maintained by an agency in connection with law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or a public protection activity. 65 P.S. § 67.708(b)(2).  The requested records are records maintained by the Department in connection with its official law enforcement function of supervising the incarceration of inmates.  The disclosure of the requested records would threaten public safety and the Department's public protection activities in maintaining safe and secure correctional institutions by allowing inmates or others to access information that can be used to undermine the Department's security procedures.  Therefore, disclosure of these types of records is excluded under the RTKL.  *Weaver v. Department of Corrections*, 702 A.2d 370 (Pa.Cmwlth. 1997).

- The requested records fall within the criminal investigation exemption of the RTKL.  Specifically, the RTKL exempts from disclosure records of an agency relating to or resulting in a criminal investigation, including, but not limited to: complaints of potential criminal conduct other than a private criminal complaint; investigative materials, notes, correspondence, videos and reports; records that include the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised; records that includes information made confidential by law or court order; victim information, including any information that would jeopardize the safety of the victim; and records that, if disclosed, would reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges, deprive a person of the right to a fair trial or an impartial adjudication, impair the ability to locate a defendant or codefendant, hinder an agency's ability to secure an arrest, prosecution or conviction or endanger the life or physical safety of an individual.  65 P.S. § 67.708(b)(16).

Damon Benson, JS9622
Page 2

- The requested records fall within the noncriminal investigation exemption of the RTKL. Specifically, the RTKL exempts from disclosure records of an agency relating to a noncriminal investigation, including, but not limited to: complaints submitted to an agency; investigative materials, notes, correspondence and reports; records that include the identity of a confidential source, including individuals subject to the act of December 12, 1986 (P.L. 1559, No. 169), known as the Whistleblower Law; records that include information made confidential by law; work papers underlying an audit; and records that, if disclosed, would reveal the institution, progress or result of an agency investigation, deprive a person of the right to an impartial adjudication; constitute an unwarranted invasion of privacy, hinder an agency's ability to secure an administrative or civil sanction, or endanger the life or physical safety of an individual. 65 P.S. § 67.708(b)(17). *See Amro v Office of AG*, 783 A.2d 897, (Pa. Cmwlth. 2001); *Senk v. Commonwealth*, 521 A.2d 532 (Pa. Cmwlth. 1987).

To the extent that you are seeking information not in the granted record, your request is denied for the following reason:

- The record(s) that you requested do not currently exist. When responding to a request for access, an agency is not required to create a record which does not currently exist or to compile, format or organize a public record in a manner in which it does not currently compile, format or organize the public record. 65 P.S. § 67.705; *See Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010)("The Department cannot grant access to a record that does not exist. Because under the current RTKL the Department cannot be made to create a record which does not exist, the OOR properly denied [the] ... appeal."); *See also Bargeron v. Department of Labor and Industry*, 720 A.2d 500 (Pa.Cmwlth. 1998). *See also McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014) ("In the absence of any competent evidence that the agency acted in bad faith or that the agency records exist, "the averments in the [d]epartment's affidavits should be accepted as true.").

You may be able to obtain the requested information by contacting the Sheriff's Office of Pennsylvania Delaware County:

Jerry L. Sanders, Jr.
Sheriff's Office
Courthouse Room 101
201 W. Front St
Media, PA 19063
AskTheSheriff@co.delaware.pa.us

You have a right to appeal the above denial of information in writing to the Executive Director, Office of Open Records (OOR), 333 Market Street, 16th Floor, Harrisburg, Pennsylvania 17101. If you choose to file an appeal you must do so within <u>15 business days</u> of the mailing date of this response and send to the OOR:

1)  this response;   2)   your request;  and 3)   <u>the reason why you think the agency is wrong in its reasons for saying that the record is not public</u> (a statement that addresses any ground stated by the agency for the denial). <u>If the agency gave several reasons why the record is not public, state which ones you think were wrong</u>.

Also, the OOR has an appeal form available on the OOR website at:

http://www.openrecords.pa.gov/RTKL/Forms.cfm.

Sincerely,

*Yihsien Han*

Yihsien Han
Deputy Agency Open Records Officer

Enclosures

cc:   File

**From:**
Damon A. Benson/S-9622
SCI-Frackville/BA-07
111 Altamont Blvd
Frackville, PA 17931

**To:**
Office Of The Clerk
United States District Court
504 Hamilton Street
Allentown, PA 18101

US POSTAGE — FIRST-CLASS MAIL — $000.64 — quadient

INMATE MAIL — CORRECTIONS

REC'D MAR 22 2024

2-2 Pt